UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

March 22, 2006

Memo Re: International House of Pancakes v. Jimmie McNeal
Civil No. JFM-04-1480

Dear Mr. McNeal and Mr. Murphy:

I reviewed the papers submitted in connection with IHOP's motion for summary judgment.

I agree with IHOP that it is entitled to summary judgment. The affidavit of Mr. Filar submitted by Mr. McNeal with his letter of March 1, 2006, comes far too late in light of the fact that Mr. McNeal never responded to any of IHOP's discovery requests. In any event, as IHOP points out in its reply memorandum, the affidavit does not address at all Mr. McNeal's failure to keep 36 months of sales records as required by the Franchise Documents. That failure alone provided a fully sufficient ground for IHOP's termination of the franchise agreement.

As to the question of the damages that should be awarded, I am persuaded by IHOP's memorandum and the supporting affidavit of Ms. Trevino that IHOP is entitled to recover contract damages in the amount of $915,432.82. I have also concluded, however, that IHOP's request for damages under the Lanham Act is excessive. IHOP uses as the basis for its pre-trebling Lanham Act damages the sum of $865,432.82, which constitutes the amount of its contract damages less the $50,000 in attorneys' fees due under the franchise documents. The $865,432.82 figure includes $49,345.72 in unpaid equipment rent, $201,580.22 in base rent, and $587,688.43 in post-termination royalty payments. I do not believe that any of these amounts should be included in the base for pre-trebling Lanham Act damages because they do not approximately represent the gain obtained by Mr. McNeal in using IHOP's trademarks. That, of course, is particularly true as to the $587.688.43 in post-termination damages.

Accordingly, I will use as the basis for pre-trebling Lanham Act damages a figure of $25,000 to compensate IHOP for the appropriation of its trademarks from the time that it terminated Mr. McNeal's franchise to the time that it regained possession of the premises. I will treble that figure to make a total award under the Lanham Act of $75,000.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/


J. Frederick Motz
United States District Judge